THREADGILL, Judge.
The Church of Scientology Flag Service and thirty (30) minors appeal an order dissolving a temporary injunction enjoining the Pinellas County Sheriff’s Office from releasing reports concerning allegations of child abuse at the Scientology Cadet School. Times Publishing Company cross-appeals the earlier order granting the temporary injunction. We reverse the order dissolving the injunction.
On September 20,1991, seven deputies of the Pinellas County Sheriff’s Office Youth Services Education Division were invited to the Scientology Cadet School to give a puppet show. Upon arrival they noted conditions indicating that the elementary school children were being neglected or abused. The deputies filed incident reports with the Sheriff’s office which were then referred to the central abuse registry and tracking system of the Department of Health and Rehabilitative Services pursuant to the mandatory referral provisions of section 415.-504(l)(f), Florida Statutes (Supp.1990).
The St. Petersburg Times submitted a public records request for all records in the Sheriff’s possession concerning reports of child abuse or neglect at the school. The Sheriff found the initial incident reports *162 subject to disclosure and prepared to release them. On October 16, 1991, the appellants filed an ex parte emergency motion in the juvenile division of the circuit court, requesting that the court impose confidentiality on all reports and records generated as a result of harm to the children at the Cadet School. The motion was based on statutory exemptions from public records disclosure of all records concerning reports of child abuse or neglect. §§ 119.-07(3)(a), 415.51(l)(a), 39.411(4), Fla.Stat. (Supp.1990). The court granted the motion and issued the temporary injunction the same day.
Another hearing was held the next day in the juvenile division to determine whether to continue the temporary injunction. Upon learning that an H.R.S. inspection of school premises had uncovered no basis to believe the children were being abused or neglected, the juvenile division transferred the case to the civil division on the ground that it had lost jurisdiction.
The civil division of the circuit court held a hearing on October 18, 1991, to consider the temporary injunction and the appellants’ request for an injunction as to all other records concerning the incident. The court found that the case fell clearly within chapter 119, the public records law, and that only the custodian of documents, here the Sheriff, had standing to raise the statutory exemptions. It accordingly dissolved the injunction on this procedural ground and denied the appellants’ request for additional relief by way of injunction. We conclude this was error.
It appears from the record and the parties’ briefs that the trial judge relied on Tribune Company v. Cannella, 458 So.2d 1075 (Fla.1984) in dissolving the injunction and dismissing the action. In Cannella the supreme court held that only the custodian of the public record being requested has the authority to assert an exemption to public disclosure.
We find that Cannella is distinguishable. Cannella involved a newspaper’s action against the custodian of public records in delaying the release of the personnel files of three Tampa police officers in order to accord the officers time to challenge the disclosure. In Cannella, the supreme court held that disclosure of nonexempt public records may not be automatically delayed for any reason except to permit the custodian to retrieve a record and delete portions the custodian asserts are exempt. Id. at 1077 and 1079. No delay is permitted to allow a court challenge to disclosure: “the purpose of the Act would be frustrated if, every time a member of the public reaches for a record, he or she is subjected to the possibility that someone will attempt to take it off the table through a court challenge.” Id. at 1079. To agree with the custodian’s position, the court added, “would cause us to write into the statute something that is not there, and this we decline to do.”. Id. at 1078.
We do not think Cannella can be extended to this case involving a custodian’s refusal to assert a statutory exemption. Protection of the appellants’ rights is the express statutory intent of the exemption. § 415.51(l)(a), Fla.Stat. (Supp.1990).[1] The custodian’s refusal to assert the exemption deprives them of their statutory protection.
Moreover, judicial enforcement of the public records law is implicitly authorized by sections 119.11(1) and (3), Florida Statutes (1989).[2] Florida Society of *163 Newspaper Editors, Inc. v. Florida Public Service Commission, 543 So.2d 1262, 1266 (Fla. 1st DCA 1989). Cannella too acknowledges the authority conferred by this section: “[sjection 119.11 provides for an accelerated court hearing when, inter alia, the party seeking to inspect a record challenges the exemption asserted by the custodian under section 119.07(2)(a)” (emphasis added). 458 So.2d at 1078. The circuit courts have a general power to issue injunctions. Art. V, § 20(c)(3), Fla. Const. The constitutional and historical grant of equity jurisdiction may not be eliminated unless adequate administrative or legal remedies sanctioned by the constitution are provided. See Department of Business Regulation, Division of Alcoholic Beverages and Tobacco v. Provende, Inc., 399 So.2d 1038, 1040 (Fla. 3d DCA 1981); State ex rel. Department of General Services v. Willis, 344 So.2d 580, 589 (Fla. 1st DCA 1977).
The appellants’ action to compel the Sheriff to assert an applicable statutory exemption is an action to enforce the provisions of chapter 119. It is not necessary to write something into the statute to confer standing upon the appellants. They have alleged that significant damage will result if the Sheriff releases the records in derogation of the statutory exemptions.
In Cannella, the custodian appears to have improperly delegated its duty to assert a constitutional exemption. The appellants, however, seek only to compel the Sheriff to perform his duty under the law and to raise a statutory exemption. On remand the trial court will have to determine if the report sought to be excluded is exempt under the applicable statutes.
In construing section 119.11, to permit actions both to compel the custodian to disclose records and to raise statutory exemptions, we attempt to strike a balance between two competing policies of this state: the policy that all public records be open at all times for personal inspection and the policy that a person be accorded the right to demand that “sensitive information” about himself not be disclosed to others. § 119.01(1), Fla.Stat. (1989); Art. I, § 23, Fla. Const.; Rasmussen v. South Florida Blood Service, 500 So.2d 533, 536 (Fla.1987). The logic for this policy is further evidenced by the fact that the H.R.S. investigation revealed that the initial reports which the Times seeks were unfounded as that term is defined by section 415.-503(17), Florida Statutes (1989).
We therefore find that the appellants had standing to bring an action to enforce the provisions of chapter 119; however, we certify the following question to the supreme court as a question of great public interest:
DOES A NON-CUSTODIAN WHO IS THE SUBJECT OF A PUBLIC RECORD HAVE STANDING TO COMPEL THE CUSTODIAN TO ASSERT A STATUTORY EXEMPTION?
Although issues other than appellants’ standing to raise statutory exemptions were argued by appellants, we decline to address them because they were not the basis for the trial court’s final order and may properly be presented to the trial court for a ruling on remand. Also, we have considered the Times’ issue on cross-appeal and find that it is without merit.
Reversed and remanded for further proceedings.
LEHAN, C.J., and DANAHY, J., concur.

. Section 415.51(l)(a), Florida Statutes (Supp. 1990) provides:
(l)(a) In order to protect the rights of the child and his parents or other persons responsible for the child's welfare, all records concerning reports of child abuse or neglect, including reports made to the central abuse registry and tracking system and all records generated as a result of such reports, shall be confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed except as specifically authorized by ss. 415.502-415.514. Such exemption from s. 119.07(1) applies to information in the possession of those entities granted access as set forth in this section.

. Sections 119.11(1) and (3), Florida Statutes (1989), provide:
(1) Whenever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the case priority over other pending cases.
*163 (3) A stay order shall not be issued unless the court determines that there is a substantial probability that opening the records for inspection will result in significant damage.