626 So.2d 1314 (1993)
TIMES PUBLISHING COMPANY, Petitioner,
v.
A.J., et al., Respondents.
No. 80599.
Supreme Court of Florida.
September 9, 1993.
Rehearing Denied December 14, 1993.
George K. Rahdert, Patricia Fields Anderson and Alison M. Steele of Rahdert & Anderson, St. Petersburg, for petitioner.
Paul B. Johnson and Robert E. Johnson of Johnson & Johnson, Tampa, for respondents.
PER CURIAM.
We have for review A.J. v. Times Publishing Co., 605 So.2d 160 (Fla. 2d DCA 1992), which certified the following question of great public importance:
Does a non-custodian who is the subject of a public record have standing to compel *1315 the custodian to assert a statutory exemption?
We rephrase the question as follows:
Does a non-custodian who is the subject of a public record have standing to assert a custodian's statutory exemption?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
On September 20, 1991, deputies from the Pinellas County Sheriff's Department were invited to the Church of Scientology's Cadet School to give a puppet show. There, they observed what they believed to be evidence of child neglect or abuse. The deputies then filed incident reports with the sheriff's department, which were referred to the Florida Department of Health and Rehabilitative Services (HRS) pursuant to chapter 415, Florida Statutes (Supp. 1990). HRS later found no probable cause.
The St. Petersburg Times submitted a public records request for all records in the sheriff's possession regarding the alleged neglect or abuse. The Sheriff found the initial incident reports subject to disclosure and prepared to release them, but gave notice of his intention to the Scientologists.
On October 16, 1991, the corporation that operated the Cadet School filed an ex parte emergency motion in the juvenile division requesting the court to impose confidentiality on all documents related to the investigation. The motion was based on the statutory exemptions from public-records disclosure concerning reports of child neglect or abuse. §§ 39.411(4), 119.07(3)(a), 415.51(1)(a), Fla. Stat. (Supp. 1990). A temporary injunction was issued the same day. Later, several minors attending the Cadet School filed a similar motion.
The case was transferred to the civil division, and there the court found that the records in question  the initial sheriff's incident reports  fell within the public records law and that only the sheriff had standing to raise the statutory exemptions. As a result, the court ordered the injunction dissolved.
The Second District stayed the trial court's order, and later reversed, finding that third parties in interest did have standing to assert the statutory exemption to the public records law.
We generally agree with the result reached by the district court below, but add a few observations. It is clear that the childprotection statutes at issue here were designed to reconcile the competing concerns of the state in cases of this type. Because of the severe harm that child abuse causes to society and the ease with which it is concealed, the state has a pressing and overriding need to investigate alleged child abuse even in cases like this one that later may prove to be unfounded. Yet, because even anonymous or baseless allegations can trigger such an investigation, the state has sought to accommodate the privacy rights of those involved. It has done so by providing that the supposed victims, their families, and the accused should not be subjected to public scrutiny at least during the initial stages of an investigation, before probable cause has been found. Such confidentiality is consistent with Florida's strong protection of privacy rights. Art. I, § 23, Fla. Const.
For these reasons, we hold that Florida's child protection statutes and the accompanying public-records law exceptions give standing to the noncustodian of a public record to assert a statutory exception provided the noncustodian is a member of a class the exception was intended to protect.[1] Such is the case here. See §§ 39.411(4), 119.07(3)(a), 415.51(1)(a), Fla. Stat. (Supp. 1990). While we also find that the Cadet School and the corporation that operated it lacked standing under the facts here,[2] it is plain that the minor schoolchildren who raised their own independent objection to the disclosure have *1316 standing.[3] The statutes obviously were intended to protect these minors from the precise kind of disclosure contemplated by the trial court's order.
We also note, however, that the statutes contain no provision absolutely requiring the custodian of a record to notify any third party about the intended release of that record. Simultaneously, nothing prohibits notification. This is a matter the legislature apparently deemed fit to leave to the discretion of the custodian. Here, the sheriff gave notification out of concern that he otherwise might have subjected himself to suit. We cannot fault that determination.[4]
For the foregoing reasons, the decision below is approved.[5] The district court correctly determined that the public record at issue here could not have been released in light of the objections raised by the minor children. This cause is remanded with directions that the trial court shall dismiss the Cadet School and its parent corporation from this cause, shall grant the minor children's request, and shall impose a permanent injunction barring release of the public records in question.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Obviously, we are addressing only the factual question of a statutory exception involving alleged child abuse. We do not necessarily hold that our analysis here applies in any other context. Child abuse investigations are a unique problem involving the necessity of state intrusion into matters shielded by the high degree of privacy afforded to family and personal life. If the subject of the public record involved no one other than a politician or other public figure and not children, for example, it is clear that the privacy interests would be considerably diminished.
[2] Accordingly, the Cadet School and the corporation's objections should have been dismissed.
[3] The children's parents or other lawful guardians also would have standing, as would a guardian ad litem for any of the children if the trial court deemed it appropriate to appoint one. While there apparently was no need for guardians ad litem here, the same conclusion might not obtain where the interests of the children's parents or other lawful guardians apparently diverged from the best interests of the children.
[4] We need not and therefore do not reach the question of whether the sheriff or any other custodian could have been subjected to suit for releasing the record without advance notification to the noncustodian subject of the record, in the context of a child-abuse investigation.
[5] Times Publishing Company also alleges procedural violations with respect to the trial court's initial hearing and injunction. While some procedural niceties may have been overlooked here, Florida follows a rule that no cause will be dismissed merely because it has sought an improper remedy, art. V, § 2(a), Fla. Const., and our courts have construed this requirement liberally in favor of persons who have suffered or will suffer an obvious injury. The best interests of the minor children are paramount here and should not be defeated merely because relatively less important procedural rules were not followed. However, counsel in future cases would do well to file proper complaints and avoid ex parte hearings if at all possible: Trial courts have considerable discretion in such matters, and a failure to follow the proper rules could go contrary to the client's interests. Finally, we cannot fault the $10.00 bond imposed here in light of the fact that the temporary injunction was to be imposed only for a single day.