Mr. Douglas S. Jones Chairperson, District 5 Human Rights Advocacy Committee 11351 Ulmerton Road, Suite 100 Largo, Florida 34648-1630
Dear Mr. Jones:
You ask the following question:
Is a human rights advocacy committee authorized to release copies of complaints alleging abuse of either a child or an aged or disabled adult if all identifying information is redacted in accordance with section 402.166(8), Florida Statutes?
In sum:
A human rights advocacy committee is authorized to release copies of complaints alleging abuse of a child or an aged or disabled adult, provided that all information that is confidential and exempt from disclosure pursuant to section 402.166(8), Florida Statutes, is deleted.
The district human rights advocacy committees were established as a third-party mechanism for protecting the constitutional and human rights of any client of the Department of Health and Rehabilitative Services (HRS) within a program or facility operated, funded, licensed or regulated by HRS.[1] It is the responsibility of the committees to receive, investigate, and resolve reports of abuse or deprivation of constitutional or human rights.[2]
Subject to certain restrictions, the committee has access to HRS client records and to other records material to its investigation that are in the custody of another governmental agency.[3]
Section 402.166(8), Florida Statutes, however, provides:
Notwithstanding the provisions of s. 119.14 all information obtained or copies of records received by the committee otherwise made confidential by law or relating to the identity of any client or individual providing information to the committee about abuse or alleged violations of constitutional or human rights shall be exempt from the provisions of chapter 119 and shall be considered and held confidential. . . . Notwithstanding the provisions of s. 119.14, all information obtained through an examination of such reports otherwise made confidential by law or relating to the identity of any client of the department or individual providing information to the committee about abuse or alleged violations of constitutional or human rights shall be exempt from the provisions of chapter 119 and shall remain confidential. Notwithstanding the provisions of s. 119.14 or s. 286.0111, [sic] all matters before a district human rights advocacy committee relating to the identity of an individual client or group of clients subject to the protections of this section, or the identity of any individual providing information to the committee about abuse or alleged violation of constitutional or human rights, or testimony relating to records otherwise made confidential by law shall be exempt from the provisions of s. 286.011, the open meetings law, and s.119.07(1), the open records law. All records prepared by members of the committee which reflect a mental impression, investigative strategy, or theory are exempt from s. 119.07(1) until completion of the investigation. . . . All other matters before the committee shall be open to the public and subject to chapter 119. Any person who knowingly and willfully discloses any such confidential information is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. . . .
Thus, section 402.166(8), Florida Statutes, clearly provides that except as provided therein, all matters before the committee "shall be open to the public and subject to chapter 119."
Chapter 415, Florida Statutes, provides for the reporting and investigation by HRS of child abuse and abuse of aged persons and disabled adults. Sections 415.51(1)(a) and 415.107(1)(a), Florida Statutes, respectively provide for the confidentiality of "all records concerning reports of abuse" of a child or of an aged person or disabled adult.
This office has previously stated that the confidentiality provisions contained in section 415.51 and section 415.107, Florida Statutes, relate to HRS records.[4] Moreover, in Attorney General Opinion 90-101, this office concluded that the 1990 amendments to sections 119.07(7) and 415.51(1)(b), Florida Statutes, which provided a mechanism for the release of records, apply to the release of records of HRS but do not apply to the investigative records of the human rights advocacy committee. Thus, this office concluded that access to the committee's investigative reports continued to be governed by the provisions of section 402.165(8), Florida Statutes, for the Statewide Human Rights Advocacy Committee or section 402.166(8), Florida Statutes, for the district human rights advocacy committees.
In construing statutes, it must be presumed that the Legislature does not enact superfluous, and therefore useless, legislation.[5]
If information relating to child abuse or the abuse of aged or disabled adults received by a human rights advocacy committee is confidential pursuant to sections 415.51 and 415.107, Florida Statutes, there would be no need for the confidentiality provisions of section 402.166(8), Florida Statutes. In order to give effect to each statute, each must be presumed to have its own area of operation.
Accordingly, the provisions of section 402.166(8), Florida Statutes, would, in my opinion, govern the disclosure of the records of the district human rights advocacy committee.
You refer to the decision of The Supreme Court of Florida in Times Publishing Company v. A.J.,[6] in which the Court considered whether a deputy sheriff's incident report relating to child abuse filed with the sheriff's office and subsequently referred to HRS under chapter 415, Florida Statutes, was subject to disclosure. In that case, the Court held that the confidentiality provisions of chapter 415 could be applied to such reports for which no probable cause had been found. The Court observed:
It is clear that the child-protection statutes at issue here were designed to reconcile the competing concerns of the state in cases of this type. Because of the severe harm that child abuse causes to society and the ease with which it is concealed, the state has a pressing and overriding need to investigate alleged child abuse even in cases like this one that later may prove to be unfounded. Yet, because even anonymous or baseless allegations can trigger such an investigation, the state has sought to accommodate the privacy rights of those involved. It has done so by providing that the supposed victims, their families, and the accused should not be subjected to public scrutiny at least during the initial stages of an investigation, before probable cause has been found. Such confidentiality is consistent with Florida's strong protection of privacy rights.[7] (e.s.)
The Court specifically limited its holding to the facts of the case, i.e., access to an incident report in the hands of the sheriff which has been filed with HRS and before a determination of probable cause has been made, and stated that "[w]e do not necessarily hold that our analysis here applies in any other context."[8]
However, pending clarification of the Court's decision, it appears that the Court's holding in Times Publishing Company v. A.J. would have application only to those complaints of abuse of a child or aged or disabled adult filed with the committee that have also been filed with HRS and that HRS has determined to be unfounded or for which it has not yet found probable cause. As noted supra, section 402.166(8), Florida Statutes, makes any confidential information or confidential records received by the committee from HRS confidential and exempt from chapter 119, Florida Statutes.[9]
However, if a complaint of abuse has been filed with the committee and has not been filed with HRS, the Court's decision in Times Publishing Company v. A.J. would appear to be inapplicable and the disclosure of such complaint would be governed by the provisions of section 402.166(8), Florida Statutes.
Accordingly, I am of the opinion that with the exception of those complaints filed with the committee that have also been filed with HRS and that HRS has determined to be unfounded or for which it has not yet found probable cause, access to the records of the district human rights advocacy committee is governed by the provisions of section 402.166(8), Florida Statutes. Thus, the district human rights advocacy committee is authorized to release copies of complaints alleging abuse of a child or an aged or disabled adult once the information or records deemed confidential pursuant to section 402.166(8), Florida Statutes, are deleted.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 402.166(7)(a), Florida Statutes.
[2] Section 402.166(7)(c), Florida Statutes.
[3] Section 402.166(8), Florida Statutes.
[4] See, e.g., Op. Att'y Gen. Fla. 93-54 (1993) (sections 415.107
and 415.51, Florida Statutes, apply to HRS' records and do not encompass a law enforcement agency's arrest report); Inf. Op. to Barry A. Morris, Statewide Human Rights Advocacy Committee Chairperson, dated September 23, 1992.
[5] See, e.g., Sharer v. Hotel Corporation of America,144 So.2d 813, 817 (Fla. 1962).
[6] 626 So.2d 1314 (Fla. 1993).
[7] Id., at 1315.
[8] 626 So.2d at 1315 n. 1.
[9] See, ss. 415.107(2)(g) and 415.51(2)(l), Florida Statutes, providing for access to HRS files for any appropriate official of the human rights advocacy committee investigating a report of known or suspected abuse or neglect.
[10] See, Inf. Op. to John S. Slye, HRS General Counsel, dated August 5, 1993, stating that while this office could not provide an exhaustive list of information that may be deemed to be "identifying information," the language would appear to encompass information personal to the individual such as an individual's name, address, telephone number, Social Security number or photograph. Similar information regarding relatives might also be deemed to be identifying information. This office also suggested that an agency, in considering this issue, referenced other statutes in which the Legislature has deleted identifying information such as s. 119.07(3)(k), F.S., in which the Legislature has specifically exempted certain types of identifying information of HRS personnel whose duties involve the investigation of abuse, neglect, exploitation, fraud, theft, or other criminal activities. Certain other descriptions may also be included. As this office noted, however, the determination as to whether certain information may identify an individual in a particular instance is one that must be made on a case by case basis, keeping in mind that exemptions to the Public Records Law are to be narrowly construed.