PER CURIAM.
Media General Convergence, Inc., and Media General Operations, Inc. are, respectively, the owner of television station NewsChannel 8/WFLA-TV and the publisher of The Tampa Tribune newspaper. They petition for a writ of mandamus directed to the Honorable F. Dennis Alvarez, chief judge of the Thirteenth Judicial Circuit, and argue that he must grant them access to materials related to specified conduct by one or more judges of that circuit. We deny the petition.
At issue are two overlapping categories of documents described in separate letters from the petitioners’ attorneys to Judge Alvarez. First, the petitioners asked to see written materials concerning allegations that Thirteenth Circuit Judge Edward Ward had sexually harassed court employees. Second, they sought writings relating to “fraternization, romantic relationships or sexual contact” between any circuit or county judge in the circuit and “any personnel assigned to any courthouse located in Hillsborough County, whether such personnel are employed by the State of Florida, Hillsborough County, the Hills-borough County Sheriffs Office, or some other private or governmental entity.” Although we disagree to some extent with some of Judge Alvarez’s reasons, we conclude that he properly denied the petitioners’ requests for the documents.
The public nature of items such as these depends on whether they are “judicial records” within the meaning of Florida Rule of Judicial Administration 2.051. This rule implements the public’s right of access to records made in the course of the official business of Florida’s courts, as mandated by the Florida Constitution, article I, section 24. As defined by the rule, a judicial record subject to public access is “material created by any entity within the judicial branch ... made or received pursuant to court rule, law or ordinance, or in connection with the transaction of official business by any court or court agency.” Fla. R. Jud. Admin. 2.051(b). Such material is open to public inspection unless it falls within an applicable exemption. Fla. R. Jud. Admin. 2.051(a).
By and large, none of the documents requested by the petitioners is a “judicial record” as defined in the rule. The reason has to do with the purely administrative nature of the office of chief judge. The Florida Constitution, article V, section 2(d), states that the chief judge “shall be responsible for the administrative supervision of the circuit courts and county courts in his circuit.” Florida Rule of Judicial Administration 2.050 details the administrative duties of a circuit chief judge. Neither the constitution nor the rule imbues him with authority to supervise the social, romantic or sexual behavior of other judges or, for that matter, of anyone else. Indeed, a chief judge, as such, has no official role in investigating judicial misconduct of any kind. That duty is vested in the Judicial Qualifications Commission, and the chief judge plays no part in its investigative or adjudicatory processes. Art. V, § 12, Fla. Const.; Fla. Jud. Qual. Comm’n R. For the most part, then, the documents requested of Judge Alvarez could not have been made or received by him in his capacity as chief judge pursuant to court rule, law or ordinance, or in connection with the transaction of official business. Simply put, they are not judicial records subject to compulsory public access. Fla. R. Jud. Admin. 2.051(b).
That said, we discern two ways in which some items included in the petitioners’ request could be deemed judicial records as defined in rule 2.051. The first derives from canon 3(D) of the Code of Judicial Conduct, entitled “Disciplinary Responsibilities.” It -requires any judge *634 who receives information or has actual knowledge of a substantial likelihood that another judge has violated the Code, or that a lawyer has violated the Rules Regulating the Florida Bar, to “take appropriate action.” The canon describes this disciplinary responsibility as part of a judge’s judicial duties.[1] The commentary to canon 3(D) states that appropriate action “may include ... reporting the violation to the appropriate authority or other agency.” Therefore, although a judge has no formal role in the investigatory processes of the Judicial Qualifications Commission or The Florida Bar, his or her judicial duties could include the making or receipt of a complaint alleging that another judge or a lawyer has committed misconduct. For this reason such a complaint would be a judicial record as defined in rule 2.051(b). However, pursuant to rule 2.051(c)(3)(A) or (B) it would be exempt from public disclosure until such time as the relevant authority finds probable cause, consistent with the rules of the Judicial Qualifications Commission and of The Florida Bar. Fla. Jud. Qual. Comm’n R. 23; R. Regulating Fla. Bar 3-7.1.
Judge Alvarez denied access to materials relating to the allegations against Judge Ward in part because he had turned them over to the Judicial Qualifications Commission, which maintained their confidentiality during its ongoing investigation. Further, he cited the above-mentioned rule 2.051(c)(3)(A) exemption when refusing to release the “fraternization” materials. Although a custodian of non-exempt judicial records generally may not shield them from disclosure simply by delivering them to an entity that treats them as confidential, e.g., Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982), rule 2.051(c)(3)(A) might exempt some of the sought — after items from public disclosure — with two important qualifications.
First, as the petitioners point out, the Judicial Qualifications Commission found probable cause against Judge Ward several days before Judge Alvarez declined to release documents relating to him. Second, the petitioners’ records requests were not limited to complaints alleging judicial misconduct; they sought all materials regarding fraternization between any judge and anyone who worked at the courthouse. To the extent the requested items relate to a complaint of misconduct as to which probable cause has been found, or to behavior that does not amount to an allegation of judicial misconduct, the exemption contained in rule 2.051(c)(3)(A) does not apply.
Even so, it is apparent that another exemption applies to all judicial records that might be included in the petitioners’ request. This one is suggested in the petitioners’ allegation that Judge Alvarez “apparently conducted his own review of Judge Ward’s actions.” Any such review, whether regarding Judge Ward or anyone else, would fall within a chief judge’s official duties only if it was done as part of his or her participation in a civil rights com *635 plaint process prescribed by the Florida Supreme Court and the local circuit.
In 1993 the supreme court adopted a uniform policy and procedure addressing complaints of work-related civil rights violations, including complaints of sexual harassment, committed by or against employees of the State Courts System. The court ordered the policy and procedure incorporated in the State Courts System personnel rules and regulations. In re Personnel Rules and Regulations, Fla. Admin. Order (Sept. 28, 1993) (on file with Clerk, Florida Supreme Court). A court’s chief judge performs some functions in the complaint procedure, one of which is attempting to help the parties resolve the complaint informally through mutual conciliation. Significantly, the court included a provision declaring that “[w]rit-ten materials developed through the use of this procedure are confidential pursuant to Rule 2.051, Public Access to Judicial Records, Florida Rules of Judicial Administration.” Therefore, these records would be exempt from public disclosure because they are “deemed to be confidential by court rule[.]” Fla. R. Jud. Admin. 2.051(c)(8).
The petitioners point out that when denying them access to the items Judge Alvarez did not cite the confidentiality provisions of these complaint procedures. This is of no moment, however. We note that the Florida State Courts System Personnel Regulations Manual includes a statement reflecting the above-described policy against discrimination in the workplace, and the Office of the State Courts Administrator has circulated a pamphlet which advises court system employees that complaints of sexual harassment will be treated confidentially. Further, the Thirteenth Judicial Circuit’s Administrative Office of the Courts has issued an employee handbook assuring that “an employee’s complaint [of sexual harassment] will be investigated in a confidential manner.” As evidenced by these materials, confidentiality provisions serve the important purpose of encouraging victims of sexual harassment and those who witness it to come forward, and they protect the subjects of such complaints from injury attendant to mistaken or false accusations. In this regard they are consistent with statutes that to varying degrees place cloaks of confidentiality over investigations of alleged civil rights violations in other realms. See, e.g., § 119.07(3)(p), Fla. Stat. (1999) (making complaints in custody of any unit of local government relating to housing discrimination confidential until finding regarding probable cause, investigation becomes inactive, or complaint is made part of record in any hearing or court proceeding); § 119.07(3)(u), Fla. Stat. (1999) (providing that records relating to allegation of employment discrimination are to remain confidential if alleged victim chooses not to file complaint and requests that records remain confidential); § 760.11(12), Fla. Stat. (1999) (making complaints filed with Florida Commission on Human Relations alleging violations of Florida Civil Rights Act confidential).
We do not believe that the intended beneficiaries of such confidentiality provisions — victim, witness, and accused alike— must lose the benefit of that important policy if one of the participants in the complaint process does not invoke it when responding to an inquiry, or does not strictly follow the prescribed investigation procedure. See Times Publ’g Co. v. A.J., 626 So.2d 1314 (Fla.1993). A holding to the contrary would betray victims and witnesses who previously have been induced to come forward by promises of confidentiality, and it would undermine the policy against discrimination in the workplace by rendering such promises unreliable in the *636 eyes of the people they are intended to protect.
Mandamus will lie only to compel the performance of a clear legal duty. C.J. v. State, 779 So.2d 591 (Fla. 2d DCA 2001). In this case, most of the items requested by the petitioners are not judicial records subject to compulsory public disclosure. Any such materials that do qualify as judicial records are rendered confidential by the very rules and procedures under which they were gathered or received. Regardless of Judge Alvarez’s reasoning, when declining to release the materials at issue he has not failed to perform a clear legal duty.
We recognize that this dispute has launched us into uncharted waters, and that we have navigated a course based on assumptions regarding the scope of a chief judge’s administrative authority. As indicated by Judge Fulmer’s dissent, those assumptions are debatable. For this reason, and because the resolution of that debate establishes the boundaries of the public’s right of access to judicial records, we certify that this decision passes on the following question of great public importance:
UNDER WHAT CIRCUMSTANCES ARE DOCUMENTS REFLECTING SOCIAL, ROMANTIC, OR SEXUAL RELATIONSHIPS OF JUDGES DEEMED TO BE JUDICIAL RECORDS SUBJECT TO PUBLIC DISCLOSURE UNDER FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.051?
Petition denied.
NORTHCUTT and GREEN, JJ„ Concur.
FULMER, A.C.J., Dissents with opinion.

. The Florida Code of Judicial Conduct, Canon 3D states:
(1) A judge who receives information or has actual knowledge that substantial likelihood exists that another judge has committed a violation of this Code shall take appropriate action.
(2) A judge who receives information or has actual knowledge that substantial likelihood exists that a lawyer has committed a violation of the Rules Regulating The Florida Bar shall take appropriate action.
(3)Acts of a judge, in the discharge of disciplinary responsibilities, required or permitted by Sections 3D(1) and 3D(2) are part of a judge's judicial duties and shall be absolutely privileged, and no civil action predicated thereon may be instituted against the judge.