OSTERHAUS, J.
In this case, we consider whether the appellee employees of the Jacksonville Electric Authority (JEA) violated Florida’s public records law by delaying the disclosure of non-exempt public records sought by the Promenade D’Iberville, LLC (Promenade). After receiving a public records request from Promenade, with whom it was in active litigation in Mississippi, JEA filed a motion for protective order in the Mississippi court to avoid the request. JEA did not finally turn over the requested non-exempt public records until after Promenade had to file an enforce *982 ment action and two months had passed. Because JEA unjustifiably delayed making non-exempt public records available in response to Promenade’s request, it violated the Florida’s Public Records Act, chapter 119, Florida Statutes (Act).
I.
The facts in this public records case are mostly undisputed. Promenade and JEA have been involved in contentious litigation in Mississippi for years. And at some point, Promenade began making use of Florida’s public records act to obtain information from JEA. JEA satisfied a number of large public records requests made by Promenade, but in 2013 changed its course of dealing with Promenade’s requests. In March 2013, Promenade sent a request for public records to which JEA responded by threatening legal action. It told Promenade that it could either withdraw its request or JEA would file a motion for protective order in the Mississippi court. Promenade withdrew the request. But then a few months later, on June 25, 2013, Promenade sent two additional requests to JEA for non-exempt public records. Consistent with its prior threat, JEA did not respond by providing the records or agreeing to provide the records. Instead it filed a Motion for Protective Order in the Mississippi litigation, asking the out-of-state court to restrict Promenade’s use of the public records law.
Promenade was not immediately aware of the motion and made a first follow up inquiry to JEA on June 28th as to the status of its request. JEA did not respond. Promenade followed up again on July 5, 2013. But again JEA failed to respond. The testimony of records handlers at JEA was that it had assembled many of the requested documents shortly following Promenade’s request. On the advice of counsel in Mississippi, however, JEA delayed its review and did not make the records available to Promenade pending attempts to block its access to the records in the Mississippi court.
Hearing only crickets in response to its request and follow-up inquiries, Promenade filed a public records enforcement action on July 11, 2013. Promenade’s Complaint alleged that JEA had “ready access to some or all of the documents requested” and that its failure to respond was tantamount to an unlawful denial of the request. Promenade sought injunctive relief on the grounds that JEA had demonstrated an intentional pattern of noncompliance. And it requested its attorneys’ fees and costs associated with the enforcement action.
JEA’s Answer denied violating the Act. It asked the circuit court to abate Promenade’s enforcement action until the Mississippi trial court ruled on its motion for protective order. And the parties agreed to postpone the enforcement hearing until the Mississippi court ruled on the motion.
On Friday, August 23, 2013, the Mississippi trial court denied JEA’s motion for protective order. And JEA provided the public records to Promenade on the next business day. The trial court then held an enforcement hearing and ruled that JEA had not willfully violated the Act. While the court admonished JEA for failing to respond to Promenade’s various follow-up inquiries, it concluded that JEA ultimately satisfied its obligations under the Act by producing the requested records prior to the enforcement hearing. Promenade timely appealed.
II.
A.
The central issue in this appeal is whether JEA violated the Act by withholding non-exempt public records requested *983 by Promenade. We review de novo the conclusion below that JEA did not willfully violate the Act. See Grapski v. City of Alachua, 31 So.3d 193, 196 (Fla. 1st DCA 2010).
Government entities in Florida are broadly responsible to make public records available to those who request to see them. See Art. I, § 24, Fla. Const. Florida’s public records law declares that it is “the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person.” § 119.01(1), Fla. Stat. “Disclosure of public records is not a discretionary act; it is a mandatory act.” Mills v. Doyle, 407 So.2d 348, 350 (Fla. 4th DCA 1981) (interpreting § 119.01, Fla. Stat.) (followed by Gay v. Santa Rosa Cnty. Sch. Bd,., 680 So.2d 560 (Fla. 1st DCA 1996)). Those with custody of public records must permit records “to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions.” § 119.07(l)(a), Fla. Stat. (emphasis added). Moreover, they must “acknowledge requests to inspect or copy records promptly and respond to such requests in good faith.” § 119.07(l)(c), Fla. Stat.
In this case, JEA did not argue that any statutory exemption excused its obligation to make the requested documents available, nor did it dispute that the documents were non-exempt public records. Rather, JEA delayed making the records available pending a ruling on its Mississippi motion. JEA determined not to make records available to Promenade -without first seeking to block them in a Mississippi court.
B.
Delay in making public records available is permissible under very limited circumstances. A records custodian may delay production to determine whether the records exist, § 119.07(l)(c); if the custodian believes that some or all of the record is exempt under the Act, § 119.07(l)(d)-(e); or if the requesting party fails to remit the appropriate fees, § 119.07(4). Otherwise, “[t]he only delay permitted by the Act is the limited reasonable time allowed the custodian to retrieve the record and delete those portions of the record the custodian asserts are exempt.” Tribune Co. v. Cannella, 458 So.2d 1075, 1079 (Fla.1984). Unjustified delay in making non-exempt public records available violates Florida’s public records law. Id.
In this case, JEA violated the Act by delaying Promenade’s access to non-exempt public records for legally insufficient reasons. JEA imposed what amounted to a requester-specific barrier to records requests made by Promenade, because it was an adversary in out-of-state litigation. It first threatened Promenade with out-of-state legal repercussions for requesting public records. Then it made good on its threat by not producing requested records and instead running to the Mississippi court in attempts to block Promenade’s use of Florida’s public records law. This was not a legally sufficient reason for delaying Promenade’s access to public records.
Florida law doesn’t allow public records custodians to play favorites on the basis of who is requesting records. Rather, it is “the policy of this state that all ... records are open for personal inspection and copying by any person.” § 119.01, Fla. Stat. (emphasis added); see also § 119.07(l)(a), Fla. Stat. (allowing records “to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions”) (emphasis added). Moreover, “[t]he motivation of the person seeking the records does not impact the person’s right to see them under the Public Records Act.” Curry v. State, 811 So.2d 736, 742 (Fla. 4th DCA *984 2002); see also Staton v. McMillan, 597 So.2d 940, 941 (Fla. 1st DCA 1992) (“[T]he appellant made proper requests for access ... and his reasons for seeking such access are immaterial.”). “[T]he purpose of the Act would be frustrated if, every time a member of the public reaches for a record, he or she is subjected to the possibility that someone will attempt to take it off the table through a court challenge.” Cannella, 458 So.2d at 1079; see also A.J. v. Times Pub. Co., 605 So.2d 160,162 (Fla. 2d DCA 1992) (citing Cannella), approved and remanded, 626 So.2d 1814 (Fla.1993) (“No delay is permitted to allow a court challenge to disclosure^]”). Thus JEA had a duty to produce the non-exempt public records requested by Promenade regardless of its identity. And its decision to seek a ruling from a Mississippi court with respect to Promenade’s request did not justify its decision to delay its disclosure of the requested records.
Finally, JEA’s production of the records on the eve of the enforcement hearing did not cure its unjustified delay. See Grapski 31 So.3d at 198. Rather, the caselaw is clear that unjustifiable delay to the point of forcing a requester to file an enforcement action is by itself tantamount to an unlawful refusal to provide public records in violation of the Act. See Weeks v. Golden, 764 So.2d 633, 635 (Fla. 1st DCA 2000) (“An unjustified failure to respond to a public records request until after an action has been commenced to compel compliance amounts to an unlawful refusal for purposes of section 119.12(1)[.]”); see also Althouse v. Palm Beach County Sheriff’s Office, 92 So.3d 899, 902 (Fla. 4th DCA 2012) (“[T]he Sheriffs delay in complying with Althouse’s request until after the filing of his suit amounted to an ‘unlawful refusal’ under section 119.12, for which fees and costs are to be awarded.”). And for this same reason, it makes no difference that Promenade subsequently agreed to abate the final enforcement hearing. By that point, the harm had been done; JEA’s initial stonewalling had already forced Promenade to file the enforcement action to obtain the records.
III.
For the foregoing reasons, we reverse and remand to the trial court for proceedings consistent with this opinion, including the award of whatever enforcement-related fees and costs are due to Promenade under the Act. We affirm, however, the trial court’s denial of injunctive relief. See Daniels v. Bryson, 548 So.2d 679, 680-81 (Fla. 3d DCA 1989) (disfavoring an injunction where the acts complained of have already been committed and there is not a well-grounded probability of similar future conduct).
AFFIRMED in part; REVERSED and REMANDED in part.
RAY and SWANSON, JJ., Concur.