VAN NORTWICK, J.
Consumer Rights, LLC, challenges the trial court’s order granting Bradford County’s motion to dismiss the appellant’s complaint for enforcement of the Florida Public Records Act, requesting a writ of mandamus and injunctive relief. We find merit in the appellant’s challenge of the trial court’s dismissal of the petition for writ of mandamus and, accordingly, reverse and remand on that issue. We affirm the trial court’s dismissal of the claim for injunctive relief without further comment.

*396
Factual and Procedural Background

On October 30, 2013, Consumer Rights e-mailed a public records request to Bradford County pursuant to Chapter 119, Florida Statutes, requesting “a complete list of all the work email addresses of all the employees that work for your county that have email addresses.” Consumer Rights’ request explained:
If you don’t already have such a list put together, I am not asking you to create the list per se. I am simply requesting that you produce to me all of the individual public records (email addresses) you have that, when put together, would make up a list of all the work email addresses of all the employees of your county that have work email addresses.
Two and a half months later, on January 17, 2014, after receiving no response to the request, Consumer Rights filed a complaint for enforcement of the Public Records Act and a request for a hearing, which included requests for a writ of mandamus and an injunction. The complaint alleged, among other things, that Bradford County received the records request prior to filing the lawsuit; the request asked for “public records” as defined by section 119.011, Florida Statutes; the records requested existed at the time the request was received; and as of the time of the filing of the lawsuit, Bradford County had not acknowledged the records request, had not responded to the records request, had not produced any of the public records requested via the records request, and had not provided any response to the plaintiff that stated whether or not Bradford County will produce the requested records.
On January 31, 2014, three months after the records request was received and two weeks after Consumer Rights filed its' action, Bradford County sent a list of email addresses for all employees, explaining that the County created the requested list even though Chapter 119 does not require an agency to create a public record if such a record does not already exist: “To be clear ... this list was specifically compiled based upon your request, contrary to the requirements of Chapter 119, Florida Statutes.” Consumer Rights acknowledged receiving the list of email addresses.
On the same date, January 31, 2014, Bradford County filed a motion to dismiss Consumer Rights’ complaint for a hearing and enforcement by a writ of mandamus, asserting in part that at the time of the public records request, it was not in possession of any public records which satisfied the request: “The Defendant was not at any time following its receipt of the Plaintiffs public records request, until January 31, 2014, in possession of any public record(s) which contained, listed or otherwise compiled the electronic mail addresses of their employees.”
Following a March 5, 2014, hearing, the trial court issued an “Order Requiring Submission of Supplemental Materials Regarding Defendant’s Motion to Dismiss.” The trial court ruled that it would not require another hearing on the County’s motion to dismiss, but instead, it would consider the motion based on the supplemental materials submitted. In response to the order, both parties submitted affidavits to support their positions.
On April 9, 2014, without a hearing, the trial court entered an order dismissing Consumer Rights’ complaint based upon its findings that “there were no public records in the possession of the Defendant to respond to Plaintiffs request,” and “Defendant ultimately created a document in order to respond to the request.” The court denied the request for mandamus as moot because “the records have been provided.”

*397
Analysis

Whether a complaint is sufficient to state a cause of action is an issue of law; thus, a trial court’s order of dismissal is subject to de novo review. See Brewer v. Clerk of Circuit Court, Gadsden County, 720 So.2d 602 (Fla. 1st DCA 1998). “In reviewing the trial court’s order denying appellant’s motion to dismiss, we must determine whether the allegations, from the four corners of the complaint, sufficiently state one or more claims for relief. We are obliged to accept all well-pled allegations of the complaint as true.” Id. at 603 (quoting, McKinney-Green, Inc. v. Davis, 606 So.2d 393, 394 (Fla. 1st DCA 1992) (citations omitted)). To be entitled to mandamus relief, “the petitioner must have a clear legal right to the requested relief, and the respondent must have an indisputable legal duty to perform the requested action.” See, e.g., Huffman v. State, 813 So.2d 10, 11 (Fla.2000). The duty must be a ministerial one, rather than a discretionary one, and the act being required must be directed by law. See Sancho v. Joanos, 715 So.2d 382, 385 (Fla. 1st DCA 1998). Disclosure of public records is not a discretionary act, it is mandatory and directed by Chapter 119. See Promenade D’Iberville, LLC v. Sundy, 145 So.3d 980, 983 (Fla. 1st DCA 2014).
Section 119.07(l)(c), Florida Statutes (2013), requires both prompt acknowl-edgement of the request and a prompt good faith response: “A custodian of public records ... must acknowledge requests to inspect or copy records promptly and respond to such requests in good faith.” Section 119.07(1) provides that a delay in making public records available is only permissible under limited circumstances. Section 119.07(l)(c) permits a delay for a records custodian to determine whether the records exist; however, unjustified delay in making non-exempt public records available violates Florida’s public records law. See, e.g., Barfield v. Town of Eaton-ville, 675 So.2d 223, 224 (Fla. 5th DCA 1996) (“An unjustified delay in complying with a public records request amounts to an unlawful refusal under section 119.12(1)”). It is not only the length of the delay, but also whether the delay was unreasonable or excused under Chapter 119. See Office of State Attorney for Thirteenth Judicial Circuit of Florida v. Gonzalez, 953 So.2d 759, 765 (Fla. 2d DCA 2007). The basis of the request for mandamus relief by Consumer Rights was to secure public records pursuant to Chapter 119. The records request was for “a complete list of all of the work email addresses” of “all of the employees that work for [Bradford County].” The complaint for enforcement of the request was filed about two and one-half months after the request had been made, and it set forth very specific allegations. Consumer Rights’ claim for mandamus relief was sufficiently pled by alleging that it had made a specific request for public records, the County received the request, the requested public records existed at the time the request was received, and the County improperly refused to produce the records in a timely manner. See Grapski v. City of Alachua, 31 So.3d 193, 196 (Fla. 1st DCA 2010) (citing Hillier v. City of Plantation, 935 So.2d 105,106 (Fla. 4th DCA 2006)). Once a cause of action for mandamus is sufficiently pled, the plaintiff is entitled to a judicial determination of the rights at issue. See Meadows Community Ass’n, Inc. v. Russell-Tutty, 928 So.2d 1276, 1279 (Fla. 2d DCA 2006).
Bradford County argued in its motion to dismiss that Consumer Rights’ complaint failed to state a cause of action because there was no existing list of employee’s *398 email addresses as requested.[1] Bradford County also asserted that it had not refused access to the list because it created a list to comply with the request and submitted the list to Consumer Rights on January 31, 2014. However, the record demonstrates that the list created by the County was submitted to Consumer Rights three months after the records request had been made and two weeks after the complaint for enforcement had been filed. In Promenade D’Iberville, LLC v. Sundy, 145 So.3d 980, 983 (Fla. 1st DCA 2014), this court held that the public entity’s delay in providing non-exempt public records violated the Public Records Act where the agency did not acknowledge the request or turn over the requested public records until two months after the records had been requested. There, this court held that “production of the records on the eve of the enforcement hearing did not cure its unjustified delay.” Id. at 984. Thus, under Promenade D’Iberville, the County’s delay in responding to Consumer Rights’ record request was unjustified unless the delay was excused under Chapter 119.
Because the complaint in this case properly stated a cause of action for mandamus relief and there was a dispute as to at least one of the allegations in the complaint, it was error for the trial court to dismiss the complaint without a hearing on the allegations by determining without a hearing that mandamus was moot because “[Bradford County] ultimately created a document in order to respond to the request.” See Meadows Community Ass’n, Inc. v. Russell-Tutty, 928 So.2d 1276, 1279 (Fla. 2d DCA 2006).
We hold that the trial court erred in failing to conduct a hearing to determine whether the delay to produce the requested records violated Chapter 119. Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.
CLARK, J., concurs, and BENTON, J., concurs in part, and dissents in part, with opinion.

. On appeal, Bradford County also argues that its response was delayed because it was unclear in Consumer Rights’ e-mailed public records’ request just what public records it wanted. We reject that argument, finding it refuted by the record.