COWART, Judge.
Petitioner, Rory Powell, is charged with sexual battery and seeks a writ of mandamus or certiorari to require the trial court to compel the State to produce the recorded testimony of the minor victim and other witnesses given during a juvenile dependency hearing. The petitioner, who was present without counsel at the dependency hearing, has sworn that the witnesses’ statements made at the dependency hearing are materially different from statements made in their depositions upon which is based the criminal charges against petitioner. Petitioner sought evidence of the witnesses’ testimony at the dependency hearing to use as impeachment evidence at his criminal trial. The trial court denied a defense motion for release of the dependency hearing tapes because the state advised that it is not using any of the testimony given at the hearing. We grant the petition for writ of certiorari and quash the trial court’s order.
In Engle v. State, 438 So.2d 803, 814 (Fla.1983), the Florida Supreme Court stated that:
The sixth amendment right of an accused to confront the witnesses against him is a fundamental right which is made obligatory on the states by the due process of law clause of the fourteenth amendment .... The primary interest secured by, and the major reason underlying the confrontation clause, is the right of cross-examination.
Article I, section 16, of the Florida Constitution affords an accused the right to confront adverse witnesses at trial. As noted in Kelly v. State, 425 So.2d 81 (Fla. 2d DCA 1982), rev. denied, 434 So.2d 889 (Fla.1983), the right of confrontation and cross-examination includes the right to examine a *92 witness as to matters affecting his credibility. By eliminating access to the witnesses’ prior testimony, the trial court has removed a valuable tool which could assist the defendant in meaningful cross-examination and evidence with which to possibly impeach the witnesses against him.
The State argues that the public interest in confidentiality in juvenile proceedings outweighs the defendant’s right to access to the witnesses’ prior statements. Section 39.411(6), Florida Statutes (1987), states that “No court record of proceedings under this chapter [Proceedings Relating to Juveniles] shall be admissible in evidence in any other civil or criminal proceeding ...” with exceptions which are not applicable. In the first place, the petitioner seeks only to inspect the record and may never seek to admit it in the criminal trial. Secondly, section 39.411(3), although providing that juvenile records are not open to the public, also allows for inspection by order of the court “by persons deemed to have a proper interest therein.” Thirdly, the purpose of the statute is to protect children and their families from unnecessary adverse publicity. Necessarily, under law, that laudable objective cannot be achieved in the context of a public trial where a parent is accused of committing a crime on a child. Finally, in Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the United States Supreme Court specifically held that a state’s policy interest in protecting the confidentiality of a juvenile offender’s record under similar provisions cannot require an accused to yield the vital constitutional right of cross-examination since the state cannot, consistent with the right of confrontation, require that a defendant bear the full burden of vindicating the state’s interest in confidentiality. A state’s interest in maintaining the confidentiality of juvenile dependency proceedings is no greater than in juvenile criminal proceedings. In both instances, the constitutional right to a fair trial in all criminal cases must prevail and preventing petitioner’s access to the information and evidence necessary for such trial is error.
The State’s contention that the petitioner has failed to adequately identify the inconsistencies alleged is also without merit. As the court stated in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), requiring an accused to first show conflict is in effect denying the accused relevant evidence material to his defense. The petitioner in this case has specifically alleged material differences between the hearing testimony and the deposition testimony. He was present at the dependency hearing and swears he heard the witnesses’ testimony. Nothing further is required to entitle the petitioner to access. Of course, the admissibility of the statements at trial is a question which the trial court must determine after consideration of the alleged inconsistencies and their relevancy and materiality. Actually, because the petitioner was present at the dependency hearing, the evidence is not unknown or “confidential” as to him. If the witnesses’ prior testimony is not inconsistent with their testimony at trial, the prior testimony will be inadmissible to impeach and can be kept “confidential”; on the other hand, if the testimony at trial is inconsistent with the prior testimony at the dependency hearing, the petitioner is entitled to have it and to use it in his defense. The trial judge in the criminal case can control any possibility of defense counsel making improper use of the tapes of the dependency hearing.
In United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed.2d 727 (1953), the court held that “[I]t is unconscionable to allow [the government] to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense.” This principle is applicable in this case and the trial court’s order depriving the defendant of access to the dependency hearing tape constitutes a departure from the essential requirements of law and a miscarriage of justice which cannot stand.
WRIT GRANTED; ORDER QUASHED.
SHARP, C.J., and DAUKSCH, J., concur.