BASKIN, Judge.
K.C., a minor child, and his parents, R.C. and B.C., present a petition for writ of certiorari seeking review of the trial court’s order granting discovery of juvenile files, HRS files, police records, and all psychological and psychiatric records pertaining to K.C. We have jurisdiction. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Pilkington PLC v. Metro Corp., 526 So.2d 943 (Fla. 3d DCA 1988). Finding that the trial court did not depart from the essential requirements of law, we deny petitioners’ request for a writ of common law certiorari.
Petitioners are defendants in an action filed by A.P., a minor child, and his parents, W.P. and C.P., alleging, among other matters, that K.C., a minor child, sexually abused A.P. A.P. and his parents requested production of police records, transcripts of juvenile proceedings, the HRS investigation file, and the psychiatric and psychological records pertaining to K.C. The trial court ordered production of the requested documents.[1]
The transcript of juvenile proceedings against K.C., the police records, and the HRS records are subject to discovery. Section 39.12(5), Florida Statutes (Supp.1988), states:
[information obtained pursuant to this chapter in the discharge of official duty by any judge, any employee of the court, any authorized agent of the department, ... or any law enforcement agent shall be confidential and shall not be disclosed to anyone other than the *526 authorized personnel of the court, the department and its designees, the Department of Corrections, the Parole Commission, law enforcement agents, school superintendents and their designees, and others entitled under this chapter to receive this information, except upon order of the court.[2] (Emphasis supplied).
The clear language of the statute permits discovery upon order of the court. The court conducted an in camera inspection to determine whether A.P. and his parents had a proper interest in the records, see § 39.12(4), Fla.Stat. (Supp.1988), and then properly issued the order under review, releasing the documents under the authority provided by Section 39.12(5), Florida Statutes (Supp.1988). The court did not depart from the essential requirements of law.
We express no opinion as to whether these documents, although discoverable, are relevant, material, or otherwise admissible at trial. See § 39.12(7), Fla.Stat. (Supp.1988).
Certiorari denied.

. K.C. concedes that the discovery of the psychiatric and psychological records is not at issue.

. Section 39.01(13), Florida Statutes (Supp. 1988), states that ‘“[c]ourt,' unless otherwise expressly stated, means the circuit court." Section 39.01(15) defines “department" as the Department of Health and Rehabilitative Services.