**Sandra Powles LONGENBACH, individually, and as Administratrix of the Estate of Richard Powles, Jr., deceased**

v.

**Michael McGONIGLE, Jeffrey Schuler, and the Township of Lehigh.**

Civ. A. No. 90–3300.

United States District Court,
E.D. Pennsylvania,
Civil Division.

Oct. 31, 1990.

---

Mary J.B. Eidelman, Allentown, Pa., for plaintiff.

Susan Ellis Wild, Allentown, Pa., for defendant McGonigle.

Henry S. Perkin, Allentown, Pa., for defendants Schuler and Lehigh Twp.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This civil rights matter comes before us for consideration of a Motion to Quash filed by the Pennsylvania state police, who are not a party to this action. Oral argument was held by telephone conference on October 30, 1990. It is our judgment that said motion should be denied. The plaintiffs have scheduled discovery and seek access to certain records concerning an incident in which a local police officer shot and killed one of several juveniles. The state police investigated this incident and have resisted complying with discovery requests to inspect their records and reports pertaining to this investigation. The state police rely on the authority of an Act of the Pennsylvania Legislature called the "Juvenile Act," found at 42 Pa.Cons.Stat.Ann. §§ 6301 *et seq.* (Purdon 1982 & Purdon Supp.1990), for the proposition that they do not have to reveal or produce these records and reports.

Section 6308 of this Act provides in pertinent part:

(a) *General rule.* Except as provided in section 6309 (relating to juvenile history record information), the law enforcement records and files concerning a child shall be kept separate from the records and files of arrests of adults. Unless a charge of delinquency is transferred from criminal prosecution under section 6355 (relating to transfer to criminal proceedings), the interest of national security requires, or the court otherwise orders in the interest of the child, the records and files shall not be open to public inspection or their contents disclosed to the public except as provided in subsection (b); but inspection of the records and files is permitted by:

(1) The court having the child before it in any proceeding.

(2) Counsel for a party to the proceeding.

(3) The officers of institutions or agencies to whom the child is committed.

(4) Law enforcement officers of other jurisdictions when necessary for the discharge of their official duties.

(5) A court in which the child is convicted of a criminal offense for the purpose of a presentence report or other dispositional proceeding, or by officials of penal institutions and other penal facilities to which he is committed, or by a parole board in considering his parole or discharge or in exercising supervision over him.

(b) *Public availability.*—

(1) The contents of law enforcement records and files concerning a child shall not be disclosed to the public except if the child is 14 or more years of age at the time of the alleged conduct and if any of the following apply:

(i) The child has been adjudicated delinquent by a court as a result of an act or acts which include the elements of rape, kidnapping, murder, robbery, arson, burglary, violation of section 13(a)(30) of the act of April 14, 1972 (P.L.233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or other act involving the use of or threat of serious bodily harm.

(ii) A petition alleging delinquency has been filed by a law enforcement agency alleging that the child has committed an act or acts which include the elements of rape, kidnapping, murder, robbery, arson, burglary, violation of section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, or other act involving the use of or threat of serious bodily harm and the child previously has been adjudicated delinquent by a court as a result of an act or acts which included the elements of one of such crimes.

(iii) The child is a dangerous juvenile offender.

(2) If the conduct of the child meets the requirements for disclosure as set forth in paragraph (1), then the court or law enforcement agency, as the case may be, shall disclose the name, age and address of the child, the offenses charged and the disposition of the case. The master or judge who adjudicates a child delinquent shall specify the particular offenses and counts thereof which the child is found to have committed and such information shall be inserted on any law enforcement records or files disclosed to the public as provided for in this section.

. . . .

 This civil action embodies both federal question claims under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343 as well as pendant state law claims.[1] With respect to privileges, the Federal Rules of Evidence apply at all stages of all actions, cases, and proceedings. Fed.R.Evid. 1101(c). It is clear beyond argument that in such instances state law evidentiary claims of privilege do not apply. Fed.R.Evid. 501 reads as follows:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

The Third Circuit explained in *Wm. T. Thompson Co. v. General Nutrition Corp.,* 671 F.2d 100 (3d Cir.1982), that when pendant state and federal claims are present, the federal rule prevails. We know of no common law federal privilege against disclosing juvenile records.[2] Nor does it make any sense to allow the state, under whose color of authority officers have allegedly violated rights, to limit uni-

---

1. The complaint alleges violation of the decedent's civil rights under 42 U.S.C. § 1983 and state law battery and willful misconduct claims.

2. We note that 18 U.S.C. § 5038 is designed to safeguard the records of federal juvenile delinquency proceedings from disclosure to unauthorized persons. The instant case is not a federal juvenile delinquency proceeding.

laterally the availability of evidence. The Juvenile Act exists primarily for the purpose of protecting juveniles, 42 Pa.Cons. Stat.Ann. § 6301(b); however, it can afford scant protection for the decedent in this action. We will, however, exercise our discretion and prohibit counsel from publicly disclosing the names of any other juveniles mentioned in official records, unless counsel first obtains the prior permission of this court.