Barry **BAYGES** and Margaret **Boorse**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

**Civ. A. No. 92–2485.**

United States District Court, E.D. Pennsylvania.

Nov. 2, 1992.

David L. Marshall, Eastburn & Gray, Doylestown, Pa., for plaintiffs.

Saul H. Krenzel, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is defendant Southeastern Pennsylvania Transportation Authority's ("SEPTA") Motion to Compel Deposition Answers pursuant to Federal Rule of Civil Procedure 37(a)(2). Plaintiffs have not answered defendant's questions claiming that the information is privileged. For the following reasons, defendant's Motion is GRANTED.

## FACTUAL BACKGROUND

This issue arises out of the novel questions raised by the inadvertent radio transmission of plaintiffs' private conversation. SEPTA demoted the plaintiffs from supervisory positions to the positions of transportation engineer after SEPTA recorded the conversation in the ordinary course of business. SEPTA based its decision to demote on the racially derogatory and offensive content of the conversation. Plaintiffs have sued to enjoin their demotion proceedings claiming violations of free speech, due process, Federal and Pennsylvania Wiretapping laws and numerous pendent state claims.

The present motion involves a dispute over the discoverable nature of the contents of the conversation between the plaintiffs. During deposition questioning of the plaintiffs, they refused to discuss the contents of their conversations claiming that their statements are privileged. This motion followed.

## DISCUSSION

Federal Rule of Civil Procedure 26(b) defines the proper scope of discovery. Rule 26(b) provides:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, ... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs cannot challenge the relevance of the contents of the conversation, their main objection to disclosure is the existence

of a privilege.[1]

█ It is well accepted that the federal common law of privilege applies in federal-question cases. Alternatively, the state law of privilege applies where state law controls the rules of decision. Federal Rule of Evidence 501 provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness ... shall be determined in accordance with State law.

However, in cases where there are federal claims coupled with pendant state claims, the question of privilege is resolved by the federal law of privileges.[2] *Wm. T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 104 (3rd Cir.1982); *Fallowfield Development Corp. v. Strunk*, 1990 WL 52749, at *4, 1990 U.D.Dist. LEXIS 4805, at *5; *Longenbach v. McGonigle*, 750 F.Supp. 178, 180 (E.D.Pa.1990); *Doe v. Special Investigations Agency*, 779 F.Supp. 21, 23 (E.D.Pa.1991).

█ In deciding whether a federal privilege against discovery exists, plaintiffs as the objecting party have the burden of establishing the privilege. *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 297 (E.D.Pa.1980); *Robinson v. Magovern*, 83 F.R.D. 79, 85 (D.C.Pa.1979); *Heathman v. United States District Court*, 503 F.2d 1032, 1033 (1974). In this determination, the Court is mindful of the general rule in federal practice that disfavors privileges

that are not based in the Constitution. *Wm. T. Thompson*, 671 F.2d at 104. "Both broad pretrial discovery and narrow construction of privileges are favored in federal practice." *Doe v. Special Investigations Agency*, 779 F.Supp. at 23.

An examination of the plaintiffs' brief reveals three possible privilege arguments, two involving federal law, and the other involving state law. Plaintiffs refer to the Federal Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2510 *et seq.* and the Federal Anti–Wire Tapping Act (AWTA), 47 U.S.C. § 605 as creating privileges. They also argue that a privilege is created by the Pennsylvania Wiretapping and Electronic Surveillance Control Act. 18 Pa.C.S.A. § 5702 *et seq.* None of their arguments are compelling.

█ Plaintiffs' fleeting reference to the ECPA, 18 U.S.C. § 2510 *et seq.* and the AWTA, 47 U.S.C. § 605, does not support their conclusion. The Acts are not applicable to this matter because they only prevent disclosure and use of intercepted communications where the interception was intentional. Section 2511 penalizes any person who—

> (a) intentionally intercepts, endeavors to intercept, ... any wire, oral, or electronic communication;
>
> (b) intentionally uses, endeavors to use, ... any electronic, mechanical, or other device to intercept any oral communication ...
>
> (c) intentionally discloses or endeavors to disclose, to any other person the contents of any wire oral or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral or electronic communication in violation of this subsection; or
>
> (d) intentionally uses or endeavors to use, the contents of any wire, oral or

---

1. Plaintiffs attempt at a relevancy argument is wholly without merit. The contents of the conversation are certainly relevant for purposes of discovery under Fed.R.Civ.Pro. 26(b) given that the contents of the conversation is an issue of plaintiffs' First Amendment claim. In addition, Barry Bayges' recollection of what Margaret Boorse said after the conversation is also relevant in that it may lead to the discovery of

relevant information surrounding the conversation in dispute.

2. With respect to privileges, Federal Rules of Evidence apply at all stages of all actions, cases and proceedings; state law evidentiary privileges do not apply. Fed.R.Evid. 1101(c), 28 U.S.C.A.

electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral or electronic communication in violation of this subsection. (emphasis added)

18 U.S.C. § 2511.

Clearly under § 2511(1)(d) a person may use the contents of a conversation which was not acquired through an intentional interception.

■ The result under 47 U.S.C. § 605 is identical. At the time Congress passed the current version of 18 U.S.C. § 2511, Congress amended 47 U.S.C. § 605. The amendment included the language "except as authorized by chapter 119, title 18 [§§ 2511–2521]." The legislative history states that "[t]he regulation of the interception of wire or oral communications in the future is to be governed by the proposed new chapter 119, title 18, United States Code." (1968) U.S.Code Cong. & Admin.News, 2112, 2196. This language leads this Court to the conclusion that a communication unprotected by 18 U.S.C. § 2511 because it was not "intentionally intercepted" will not receive protection under 47 U.S.C. § 605(a) which bars the divulgence and publication of intercepted materials. Since plaintiffs have never argued that the interception in this case was intentional, no privilege exists under either 18 U.S.C. § 2511 or 47 U.S.C. § 605.