Sherry C. HICKS

v.

**BIG BROTHERS/BIG SISTERS OF AMERICA.**

No. 96–2352.

United States District Court, E.D. Pennsylvania.

Sept. 16, 1996.

Jeffrey L. Pettit, Phelan, Pettit & Biedrzycki, Philadelphia, PA, for plaintiff.

Glenn C. Equi, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff Sherry C. Hicks (hereinafter "Hicks") now moves this Court pursuant to Federal Rules of Civil Procedure 30(b)(7)[1] and 37(a)(2) to order that a deposition be taken by telephone and to compel production of documents. For the reasons that follow, the Motion is granted in part and denied in part.

## DISCUSSION

Plaintiff Hicks instituted this employment discrimination action against Defendant Big Brothers/Big Sisters of America ("Big Brothers") to recover damages for her allegedly wrongful discharge. Hicks now seeks an order requiring that a deposition of a former Big Brothers employee be taken by telephone and compelling production of certain disputed documents. Big Brothers, as

---

**1.** We treat the Motion as one made under 30(b)(7), although the Plaintiff mistakenly asserts that it is made pursuant to Rule "29(b)(7)," which does not exist.

the party resisting discovery, bears the burden of persuasion on its objections. *Bayges v. SEPTA,* 144 F.R.D. 269, 271 (E.D.Pa. 1992); *Roesberg v. Johns–Manville Corp.,* 85 F.R.D. 292, 297 (E.D.Pa.1980).

## I. THE TELEPHONE DEPOSITION

■ We find that Big Brothers has met its burden with respect to the telephone deposition of John Blaber (hereinafter "Blaber"). This Court's March 28, 1996 Scheduling Order, which Plaintiff made no attempt to modify, required that

> [a]ll discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by July 1, 1996.

Scheduling Order at ¶ 3. Plaintiff's Motion to order that Blaber's deposition be taken by telephone was filed on August 9, 1996 (40 days after the deadline), and was the first request that the deposition be taken in this manner. Plaintiff makes no showing that would entitle her to relief from the Scheduling Order, but argues instead that this deposition is not a "discovery deposition." Pl.'s Reply to Def.'s Opp. to Mot. at 1. Plaintiff contends that the discovery deadline is "irrelevant" because the Blaber deposition would fall under Paragraph 10 of the Scheduling Order, which directs the parties to provide oral or videotape depositions at trial of witnesses who are unavailable.[2]

We disagree. Paragraphs 3 and 10 of the Scheduling Order plainly do not create an either/or proposition. This Court required the parties to complete discovery by July 1, 1996, including taking depositions that the parties intend to use at trial. Plaintiff's failure to comply with the deadline bars it from deposing Blaber at this time.

## II. MOTION TO COMPEL PRODUCTION OF DOCUMENTS

### A. The Personnel Files

■ Plaintiff alleges that Defendant hired two employees to assume the duties that she alone had been performing prior to her discharge. *See* Compl. at ¶ 11(g). Defendant acknowledges that it hired two employees, one white and one African–American, after discharging Plaintiff, but denies that it created the two positions from the position previously held by Plaintiff. *See* Def.'s Answer at ¶ 11(g). Plaintiff requests that Defendant produce the personnel files of these two employees, contending that such files would be probative of her claims that (1) she was assigned additional duties without additional compensation at the same time that a white peer had been promised a salary increase, (2) her duties were assigned to the white employee hired to fill one of the two positions created after her discharge, and (3) she performed her duties as well as the employees who replaced her. Defendant objects to this request on relevance grounds.

The general scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that a "party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... [so long as] the information sought appears reasonably calculated to lead to the discovery of admissible evidence." We have noted before that this rule is "to be construed broadly and encompasses any matter that bears on, or that reasonably could bear on, any issue that is or may be in this case." *Great West Life Assurance Company v. Levithan,* 152 F.R.D. 494, 497 (E.D.Pa.1994) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 350, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).

In light of this standard, we find that Defendant. has not met its burden of establishing that this request for document production is outside the scope of discovery. Defendant claims simply that it "is unable to ascertain how the personnel files ... pertain plaintiff's [sic] claim." *See* Def.'s Opp. to Pl.'s Mot. at 5. We are satisfied, however, that Plaintiff's request is at least reasonably calculated to reveal evidence pertaining both to the duties assumed by the employees hired after her discharge and to their performance of those duties relative to Plaintiff's. Further, this document production should

---

2. Blaber, who apparently now lives and works in California, has indicated to Plaintiff's counsel that he does not "plan to be on the East Coast in the near future." *See* Pl.'s Reply at Ex. 1.

**530**

place very little burden on Defendant as its extent will be quite minimal. Accordingly, we grant Plaintiff's Motion to Compel with respect to these two personnel files.

###### B. Other Documents

Defendant asserts that it has already produced the rest of the documents that Plaintiff seeks to compel with this Motion. Plaintiff responds that, in fact, Defendant has not produced either Blaber's personnel file, or the items marked a, b, e, f, and g of the letter attached to Hicks' Motion as Exhibit B. To expedite this process, we grant this Motion with respect to those documents Defendant claims already to have produced. We grant Defendant the option of either reproducing the disputed documents or submitting to Plaintiff a memo that summarizes the circumstances (date, time, manner, etc.) of the prior productions so that Plaintiff will be able to locate them. Whichever option Defendant chooses, we hope that the parties can work out any lingering confusion among themselves.

An appropriate Order follows.

#### ORDER

AND NOW, this 16th day of September, 1996, upon consideration of Plaintiff's Motion for Order that Deposition be Taken by Telephone and To Compel Production of Documents, Defendant's Response, and Plaintiff's Reply thereto, it is hereby ORDERED that Plaintiff's Motion is GRANTED in PART and DENIED in PART.

Plaintiff's Motion with respect to the Telephone Deposition is DENIED. Plaintiff's Motion to Compel Production of Documents is GRANTED and Defendant is hereby ORDERED to comply with Plaintiff's Requests within 10 days of the date of entry of this Order in accordance with the accompanying MEMORANDUM.