**R.K. and J.K., Plaintiffs,**

v.

**Susan KANASKI, individually, et al., Defendants,**

No. 02–61534.

United States District Court, S.D. Florida.

March 24, 2006.

---

Maria Elena Abate, Esq., Howard M. Talenfeld, Esq., Joel S. Fass, Esq., Tracey K. McPharlin, Esq., Ft. Lauderdale, FL, for Plaintiffs.

Sheridan Weissenborn, Esq., Coral Gables, FL, for Defendants Kanaskie, Woodroof and Kaufman.

Ralph McGrath, Esq., Ft. Lauderdale, FL, for Defendant Millikan.

Jeffrey A. Rubinton, Esq., Alicia Lyons Laufer, Esq., Ft. Lauderdale, FL, for Defendants Preston and Corsino.

Michael B. Davis, Esq., W. Palm Beach, FL, for Defendant Worsley.

## ORDER ON CONFIDENTIALITY AND ADMISSIBILITY OF RECORDS UNDER CHILD WELFARE STATUTES

SIMONTON, United States Magistrate Judge.

Presently pending before this Court is Defendants, Latena Preston and Elaine Corsino's Motion to Strike Plaintiffs' Appendix in Support of Plaintiffs' Responses in Opposition to Defendants' Motions for Summary Judgment (DE # 699) and Motion of Susan Kanaskie, Katherine Kaufman, and Sharon Woodroof to Strike Portions of the Records Relied Upon by Plaintiffs in Opposition to Her Motion For Summary Judgment (DE # 701). The Honorable Federico A. Moreno, United States District Judge has referred this matter to the undersigned Magistrate Judge (DE # 652).

### I. *Introduction*

Plaintiffs R.K. and J.K. have filed a fourteen-count Third Amended Complaint against the above defendants, claiming that, while they were placed in foster care in the Calhoun home, the defendants deprived them of their fundamental right to physical safety and to be free from unnecessary harm, in violation of their rights under the Fourteenth Amendment to the United States Constitution (DE # 446).[1] They seek damages for these alleged deprivations pursuant to 42 U.S.C. § 1983.

All Defendants moved for Summary Judgment. Plaintiffs responded and filed a seven volume appendix in support of their Opposition to Defendants' Motion for Summary Judgment. Defendants Preston and Corsino then moved to Strike Plain-

tiffs' Appendix claiming that the documents in the appendix are inadmissible based on (1) Fla. Stat. §§ 39.202 and 39.0132; (2) hearsay; and (3) failure to authenticate (DE # 699). Defendants Kanaskie, Kaufman, and Woodroof also moved to strike portions of the appendix (DE # 701). All Defendants have adopted or joined in the motions of Co–Defendants. The motions, as well as the responses and replies contain overlapping arguments with respect to various exhibits and objections. This Order addresses the confidentiality issues and the admissibility of records under Fla. Stat. §§ 39.202 and 39.0132.

These sections provide for the confidentiality of reports and information maintained by the state courts or governmental agencies with respect to child abuse and neglect matters. Section 39.202, entitled "Confidentiality of reports and records in cases of child abuse or neglect," provides that: "In order to protect the rights of the child and the child's parents or other persons responsible for the child's welfare, all records held by the department concerning reports of child abandonment, abuse, or neglect, including reports made to the central abuse hotline and all records generated as a result of such reports, shall be confidential ... and not disclosed except as specifically authorized by this chapter." The exemptions authorize access under various circumstances, including the following:

(2)(d) The parent or legal custodian of any child who is alleged to have been abused, abandoned, or neglected, and the child, their attorneys, including any attorney representing a child in civil or criminal proceedings....

....

---

1. A separate Count is brought by each of the two plaintiffs against each defendant, thus yielding the total of 14 counts.

(f) A court upon its finding that access to such records may be necessary for the determination of an issue before the court; however, such access shall be limited to inspection in camera, unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it.

Section 39.0132, entitled, "Oaths, records, and confidential information," provides similar confidentiality with respect to records maintained by the courts, including information held by a guardian ad litem.

In addition, section 39.0132(6) expressly provides that "[n]o court record of proceedings under this chapter shall be admissible in evidence in any other civil or criminal proceeding," with certain exceptions, including:

(e) Evidence admitted in any proceeding under this chapter may be admissible in evidence when offered by any party in a subsequent civil proceedings relating to placement of, access to, parental time with, adoption of, or parental rights and responsibilities for the same child or a sibling of that child.

Defendants contend that, pursuant to these statutes, various records contained in the Appendix are confidential records of juveniles other than the remaining plaintiffs, R.K. and J.K., and that therefore neither R.K. nor J.K. has the right to obtain or use those documents in this case. Therefore, Defendants contend that Plaintiffs should not be permitted to rely upon these confidential documents.

In response, Plaintiffs argue that Defendants do not have standing to raise the above confidentiality provisions; that the juveniles whose records are at issue were represented by Plaintiffs' counsel in the case at bar, and have consented to the use of these records by R.K. and J.K.; that the confidentiality provisions do not create a privilege; that even if they did, this privilege would not apply to a federal civil rights action; and finally, that the provision regarding the inadmissibility of court records should not apply to the present action.

## II. *The Records At Issue*

The documents in the Appendix that Defendants specifically seek to exclude under Florida Statute §§ 39.202 and 39.0132 are:

- 8A: DCF Progress Notes re: AP
- 8B: Police Report 8/29/97
- 9A: DCF Progress Notes re: DL
- 9B: Incident Report re: DL
- 9C: Request for Funds re: DL
- 9D: Memo from Calhoun foster mom, 10/21/98 re:
- 11A: DCF Progress Notes re: MM
- 11B: Pre–Disposition Study re: MM
- 11C: GALP Court Information form re: MM
- 12A: 1994 Sexual Abuse Report
- 12B: 1994 Sexual Abuse Report
- 12C: 1996 Physical Abuse Report
- 12D: 1997 Sexual Assault Report
- 12E: 1997 Physical Assault Report
- 12F: 1997 Sexual Abuse Report
- 12G: 1997 Sexual Abuse Report
- 12H: 1997 Sexual Abuse Report
- 12I: 1998 Physical Abuse Report
- 12J: Progress notes about Calhoun household and incidents
- 12K: 1998 Physical Abuse Report
- 13A: 1998 Abuse Report
- 13B: 1998 Abuse Report
- 13C: 1998 Abuse Report
- 13D: Fifth Street Counseling Center Notes re: sexual abuse in Calhoun home

- 13F: Risk Assessment Form, 11/24/98
- 13H: Notice of Abuse/Neglect in Calhoun home, 11/30/98
- 13I: Department Task Tracking System Report, 11/30/98 and article about sexual abuse in foster home
- 13J: DCF fax cover sheet to Latena Preston
- 13M:Status Report re: MM, 12/17/98
- 13N: Order on Judicial Review re: MM
- 13O: DCF fax cover sheet to Elaine Corsino/Latena Preston
- 13P: Crawford Center Evaluation, 1/20/99 re: MM
- 13Q: Judicial Review re: MM
- 13R: 2/22/99 Memo re: MM and contempt for not interviewing Calhoun foster children
- 13S: 1999 Sexual Abuse Report
- 14A: Court Hearing Transcript (AP, AM, DM)
- 14B: Court Hearing Transcript (MM)
- 14C: Court Hearing Transcript (MM)
- 14D: Court Hearing Transcript (MM)
- 14E: Court Hearing Transcript (MM)

### III. *Legal Analysis*

### A. *Defendants Do Not Have Standing to Raise Their Confidentiality Objections*

In *Times Publishing Co., v. A.J.*, 626 So.2d 1314, 1315 (Fla.1993), the Florida Supreme Court expressly addressed the issue of who has standing to object to the public disclosure of reports of child neglect or abuse. There, a newspaper requested access under the public records laws to an investigation of child neglect or abuse which had been conducted with respect to activities at the Church of Scientology's Cadet School. The School objected to the disclosure, and filed an emergency motion for a protective order to prevent disclosure, citing the confidentiality provisions of Florida law regarding these records.[2] Later, several minors attending the school filed a similar motion. The trial court held that only the custodian of the record in question had standing to challenge the release of the records, and thus permitted the release. The appellate court reversed, holding that the parties in interest could also seek protection. On review, the Florida Supreme Court upheld the decision of the appellate court, but expressly differentiated the School from the children:

> Florida's child protection statutes and the accompanying public-records law exceptions give standing to the noncustodian of a public record to assert a statutory exception provided the noncustodian is a member of a class the exception was intended to protect.... While we also find that the Cadet School and the corporation that operated it lacked standing under the facts here, it is plain that the minor schoolchildren who raised their own independent objection to the disclosure have standing. The statutes obviously were intended to protect these minors from the precise kind of disclosure contemplated by the trial court's order.

*A.J.*, 626 So.2d at 1315–16 (emphasis in original, citations omitted).

Thus, in the case at bar, the parents, guardians or minor children who are the subject of the trial transcripts, abuse reports, progress reports, and other documents certainly have standing to object to the use of these documents, but none of those parties object. On the contrary, counsel for Plaintiffs has stated that she "has express permission of each of the children, or their parents in the case of

---

**2.** The Florida Supreme Court addressed the predecessor statute, which was subsequently renumbered and amended in ways which are not material to this case.

minors, whose claims are not currently pending before this Court" to use these records.[3] (DE # 718, p. 10). Defendants, therefore, have no standing to challenge the use of the confidential files of RK, JK, MM, DL, AP, VN, RT, and their objections are overruled.[4]

B. *Even Assuming Defendants Had Standing, Florida's Confidentiality Statutes Do Not Bar the Use of the Challenged Records in These Proceedings*

■ In the alternative, even if the confidentiality concerns were appropriately raised, Defendants' objections should be overruled. At the outset, the Court notes that there is no restriction placed on the voluntary disclosure of such information obtained by the persons whom the statute was designed to protect, and that the minors in this case and their attorney and their guardian *ad litem* have concurred with the use that is being made of these records. Moreover, the statutes provide that the court has the discretion to permit disclosure based upon an appropriate showing. *See, e.g. B.C. v. A.P.*, 538 So.2d 525 (Fla.3d Dist.Ct.App.1989); *Powell v. Foxman*, 528 So.2d 91 (Fla. 5th Dist.Ct. App.1988). Pursuant to section 39.202(2)(f), the undersigned finds that access to these records "may be necessary for the determination of an issue before the court." Based upon the *in camera* inspection of these records, the undersigned also concludes that it is appropriate to use the records in the context of the summary judgment motions.

■ Finally, although this Court should give comity to the confidentiality provisions of state law, the undersigned concludes that the records at issue are not protected by any Florida or federal evidentiary privilege, and that under the circumstances of this case, it would undermine the interests of justice to permit the Defendants to use these statutes, which are designed to protect victims of abuse, as a shield from the alleged liability based on the failure to protect those victims. *See Pearson v. Miller*, 211 F.3d 57 (3rd Cir. 2000); *In re: Int'l Horizons, Inc.*, 689 F.2d 996 (11th Cir.1982) (refusing to recognize accountant-client privilege created under Georgia law); *American Civil Liberties Union v. Finch*, 638 F.2d 1336, 1343–44 (5th Cir.1981) (holding that no federal evidentiary privilege created by Mississippi law which sealed records of its Sovereignty Commission, which was created to protect the sovereignty of the State of Mississippi from encroachment by the federal government; and thus production of such records was required in connection with civil rights action challenging certain actions taken under the aegis of that Commission); *Seales v. Macomb County*, 226 F.R.D. 572 (E.D.Mich.2005) (state confidentiality statutes regarding records of juvenile youth home residents did not create evidentiary privilege under state law, and even if it did, the privilege would not be recognized in federal civil rights action in federal court); *Farley v. Farley*, 952 F.Supp. 1232, 1236 (M.D.Tenn.1997); *Van Emrik v. Chemung County Dep't of Social Servs.*, 121 F.R.D. 22 (W.D.N.Y.1988) (confidentiality provisions of state law did not create evidentiary privilege).

Moreover, § 39.0132(6), which makes court records governed by this section inadmissible in subsequent civil or criminal matters, contains an exception which is applicable to this case. Specifically,

---

**3.** MM, DL, and RT have apparently settled their state and federal claims. AP, NM, and RM have claims pending on appeal in the Eleventh Circuit Court of Appeals.

**4.** All of the documents sought to be excluded by Defendants on confidentiality grounds appear to come from the individual DCF files.

§ 39.0132(6)(e) provides that "evidence admitted in any proceeding under this chapter may be admissible in evidence when offered by any party in a subsequent civil proceeding relating to the placement of, access to, parental time with, adoption of, or parental rights and responsibilities for the same child or a sibling of that child ..." as long as notice is given and the records are otherwise admissible.[5]

This civil rights lawsuit specifically relates to the propriety of the "placement of" all of these children in the Calhoun foster home, and thus, assuming the statute even applies to federal proceedings, this case falls within that exception. Although there are no cases which construe this language, there are state tort actions based upon the negligence of the Department in which such records have been admitted. *See, e.g. Dept. of Health and Rehab. Servs. v. B.J.M.,* 656 So.2d 906, 910 (Fla.1995); *Dep't of Health and Rehab. Servs. v. Yamuni,* 529 So.2d 258, 262 (Fla. 1988). There is nothing in the present statute which limits the types of proceedings "relating to the placement" of the child to those proceedings which will determine whether or not a child should be so placed.

In sum, the confidentiality statutes upon which Defendants rely were intended for the protection of juveniles, not for the purposes of shielding people from liability. The Florida legislature has revised this statute numerous times and has specifically enumerated occasions when these otherwise confidential records may be admissible. This state statute does not give rise to a federally cognizable privilege, and this kind of proceeding falls within one of the enumerated exceptions of the statute. Additionally, in reviewing case law, there is

no contrary precedent; and in fact, a review of reported cases concerning allegations similar to those made in the case at bar reflects juvenile court transcripts and files have been admitted in negligence trials against state child welfare agencies.

Therefore, it is hereby,

**ORDERED AND ADJUDGED** that insofar as Defendants' Motions to Strike (**DE ## 699, 701**) are based upon the confidentiality provisions of the Florida Statutes, they are **DENIED.**

---

**5.** This Order is limited to whether these records are inadmissible based on the confidentiality provisions of the Florida statutes; it is not intended to address whether these records

are otherwise admissible. The Court notes that Defendants have also objected to many of these documents based on hearsay and authenticity grounds.